<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SOONI K. JOHNSON, | |
| Plaintiff, | |
| v. | Civil Action No. 10-1910 (GEB) |
| EDWARD CHANG KIM, METROPOLITAN LIFE INSURANCE COMPANY, | **MEMORANDUM OPINION** |
| Defendants. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Third-Party Plaintiff, | |
| v. | |
| KYONG S. BONEY, GABRIEL KIM, KIM FUNERAL HOME, INC., | |
| Third-Party Defendants. | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court on the unopposed Motion for Default Judgment (Doc. No. 26) filed by the defendant and third-party plaintiff Metropolitan Life Insurance Company ("MetLife") against third-party defendants Kyong S. Boney, Gabriel Kim, and Kim Funeral Home, Inc. (collectively "Third-Party Defendants"). This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The Court has decided this motion without oral argument pursuant to Federal

1

Rule of Civil Procedure 78. For the following reasons, the Court will grant MetLife's motion.

I.     BACKGROUND

MetLife filed its third-party complaint in interpleader on June 14, 2010. (Doc. No. 4.) It asserts therein that it had issued an individual life insurance policy to James Kim (a/k/a Bong Jin Kim), with a face value of $100,000. (Third-Party Compl. ¶¶ 8, 9; Doc. No. 4.) When he initially completed the application for the policy on May 29, 1993, James Kim named his three sons, Peter Kim, Gabriel Kim, and Edward Kim, as equal primary beneficiaries to the policy. (Id. at ¶ 10.) Thereafter, on or about August 28, 1995, James Kim changed the primary beneficiary from all three of his sons to Edward Kim only as the sole beneficiary. (Id. at ¶ 12.) James Kim had been admitted to Elmhurst Hospital Center on an unknown date prior to March 12, 2010. (Id. at ¶ 14.) On or about March 12, 2010, James Kim again changed the primary beneficiary of his policy to Sooni K. Johnson. (Id. at ¶ 15.) James Kim died on March 15, 2010. (Id. at ¶ 16.) As a result, a death benefit of $124,691.39 became due and payable to the beneficiary of the policy.

Both Johnson, on March 17, 2010, and Kyong S. Boney, on April 7, 2010, submitted Individual Life Death Claim Forms in connection with the policy. (Id. at ¶¶ 18, 20.) In addition, on March 17, 2010, Gabriel Kim called MetLife's customer service representatives regarding the beneficiary of the policy, and in a letter dated March 19, 2010, Edward Kim wrote to MetLife stating that he questioned the validity of the March 12, 2010 change of the primary beneficiary. (Id. at ¶¶ 19, 21.) On March 16, 2010, Johnson assigned $5,055.00 from the policy's proceeds to the Kim Funeral Home. (Id. at ¶ 22.)

2

MetLife filed the instant Motion for Default Judgment on October 7, 2010. (Doc. No. 26.) Prior thereto, the Clerk's Office entered default on September 29, 2010, with respect to Kim Funeral Home, Inc., Gabriel Kim, and Kyong S. Boney.  (Doc. No. 23.)

II.   DISCUSSION

    A.   Standard of Review

When a party fails to answer a complaint, the court must accept as true all allegations contained in the complaint, except allegations concerning damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  Default is governed by Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).  "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)."  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1983)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 250

F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)).

### B. Analysis

Here, the Court notes that in a letter dated December 6, 2010, Plaintiff represents that the matter "has been long settled among the parties" and that "[u]pon entry of Judgment by Default, the settlement funds will be immediately disbursed in accordance with the settlement agreement." (Doc. No. 27.)   The Clerk's Office entered default against Third-Party Defendants on September 29, 2010.  In addition, the Court concludes that Kyong S. Boney (Doc. No. 21), Gabriel Kim (Doc. No. 17), and Kim Funeral Home, Inc. (Doc. No. 19) were all properly served but failed to answer or otherwise appear.  The Court concludes that default judgment should be entered as none of the Third-Party Defendants has proffered a meritorious claim to the death benefits of the insurance policy.  Moreover, the parties have suffered by the Third-Party Defendants' failure to respond and will continue to suffer prejudice if default judgment is not granted.  The Court also finds the Third-Party Defendants culpable in respect to his failure to respond. See Surdi v. Prudential Ins. Co. of Am., No. 08-225, 2008 U.S. Dist. LEXIS 71738, at *4-5 (D.N.J. Sept. 8, 2008) (When a defendant "'has failed to answer, move, or otherwise respond to the complaint, the entry of a default judgment against him is appropriate.'" (citation

4

omitted)). Therefore, the Court will grant MetLife's Motion for Default Judgment as to the Third-Party Defendants.

In addition, it has been represented to the Court that this matter has been otherwise settled by the parties.  To this end, the Court will dismiss this matter pursuant to Local Civil Rule 41.1(b) without prejudice.  The parties have the "right to reopen the action within 60 days [of the date of this order] upon good cause shown if the settlement is not consummated." Loc. Civ. R. 41.1(b).

### III. CONCLUSION

For the foregoing reasons, this Court will grant MetLife's Motion for Default Judgment. The matter is also otherwise dismissed pursuant to Local Civil Rule 41.1(b).  An appropriate form of order accompanies this opinion.

Dated: January 31, 2011

                                              s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.